**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

DYLAN MARTIN, on behalf of himself and
all others similarly situated,

Plaintiff,

v.

LINDENWOOD UNIVERSITY,

Defendant.

Civil Action No. 4:20-cv-01128-RLW

Hon. Ronnie L. White

**FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court entitled *Martin v. Lindenwood
University*, No. 4:20-cv-01128-RLW; and

WHEREAS, Plaintiff Dylan Martin and Defendant Lindenwood University have entered
into a Class Action Settlement Agreement, which, together with the exhibits attached thereto,
sets forth the terms and conditions for a proposed settlement and dismissal of the Action with
prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement
Agreement") (ECF No. 40-2); and

WHEREAS, on January 6, 2022, the Court granted Plaintiff's Motion for Preliminary
Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P.
23(b)(3) of "all people who paid Defendant tuition or fees in the Spring 2020 Semester
(including in connection with any school terms or courses offered in the Spring 2020) for
educational services that, absent the COVID-19 pandemic, would have been provided in-person,
and whose tuition and fees have not been refunded." ECF No. 41 at 9; and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement
(ECF No. 40-2), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement

(ECF No. 46), Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Incentive Award (ECF No. 44), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on May 11, 2022, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.      The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 40-2) and order granting Preliminary Approval (ECF No. 41) – including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4.      The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

5.     This Court now gives final approval to the Settlement Agreement, and finds that

the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement

Class. The settlement consideration provided under the Settlement Agreement constitutes fair

value given in exchange for the release of the Released Claims against the Released Parties. The

Court finds that the consideration to be paid to members of the Settlement Class is reasonable,

and in the best interests of the Settlement Class Members, considering the total value of their

claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative

defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing

litigation on the merits. The complex legal and factual posture of this case, the amount of

discovery completed, and the fact that the Settlement is the result of arm's-length negotiations

between the Parties support this finding. The Court finds that these facts, in addition to the

Court's observations throughout the litigation, demonstrate that there was no collusion present in

the reaching of the Settlement Agreement, implicit or otherwise.

6.     The Court has specifically considered the factors relevant to class action

settlement approval. *See* Fed. R. Civ. P. 23(e).

7.     The Court finds that the Class Representative and Class Counsel adequately

represented the Settlement Class for the purposes of litigating this matter and entering into and

implementing the Settlement Agreement.

8.     Accordingly, the Settlement is hereby finally approved in all respects.

9.     The Parties are hereby directed to implement the Settlement Agreement according

to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final

Judgment in full and shall have the full force of an Order of this Court.

10.    This Court hereby dismisses the Action, as identified in the Settlement

Agreement, on the merits and with prejudice.

11.     Upon the Effective Date of this Final Judgment, Plaintiff and each and every

Settlement Class Member who did not opt out of the Settlement Class (whether or not such

members submit claims), including such individuals' respective present or past heirs, executors,

estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries,

licensors, licensees, associates, affiliates, employers, agents, consultants, independent

contractors, insurers, including without limitation employees of the foregoing, directors, trustees,

board members, managing directors, officers, partners, principals, members, attorneys,

accountants, financial and other advisors, underwriters, shareholders, lenders, auditors,

investment advisors, legal representatives, successors in interest, assigns and companies, firms,

trusts, corporations, and all third party service providers or entities identified as Lindenwood's

agents and/or independent contractors in this Action shall be deemed to have released Defendant,

as well as any and all of its respective present or past heirs, executors, estates, administrators,

predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates,

affiliates, employers, agents, consultants, independent contractors, insurers, including without

limitation employees of the foregoing, directors, trustees, board members, managing directors,

officers, partners, principals, members, attorneys, accountants, financial and other advisors,

underwriters, shareholders, lenders, auditors, investment advisors, legal representatives,

successors in interest, assigns and companies, firms, trusts, corporations, and all third party

service providers or entities identified as Lindenwood's agents and/or independent contractors in

this Action from any and all actual, potential, filed, known or unknown, fixed or contingent,

claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of

action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or

4

multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding Lindenwood's actions or decisions in respect to the Spring 2020 academic term, including ceasing in-person education and transitioning to a remote format for the Spring 2020 academic term, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

12.     Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

13.     The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations (ECF Nos. 44-45), and adjudges that the payment of attorneys' fees and costs in the amount of $550,000 is reasonable in light of the multi-factor test used to evaluate fee awards in the Eighth Circuit. *See, e.g.*, *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 n.3 (8th Cir. 2007). This award includes Class Counsel's unreimbursed litigation costs and expenses. Such payment shall

be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.     The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for an incentive award to the Class Representative, Dylan Martin. *See* ECF Nos. 44-45. The Court adjudges that the payment of an incentive award in the amount of $5,000 to Mr. Martin to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15.     All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall revert to Scholarship America, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

16.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

17.     Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

18.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this 11th day of May, 2022.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**